```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/22/2020
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------X
UNITED STATES OF AMERICA,         :
                                  :
                                  :          **17 CR 465(VM)**
        -against-                 :          **DECISION AND ORDER**
                                  :
ANTHONY MARTINEZ,                 :
                                  :
                Defendant.        :
----------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

By letter dated April 29, 2020 (Dkt. No. 52), defendant Anthony Martinez ("Martinez") requests an order allowing him to serve the remainder of his sentence on home confinement for reasons related to the COVID-19 pandemic. The Court construes the letter as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) ("Section 3582") and denies the motion for the reasons stated herein.

First, Martinez has not demonstrated compliance with Section 3582's exhaustion requirements. Under Section 3582, a defendant may not seek relief in court until (i) he has "fully exhausted all administrative rights" within the Bureau of Prisons, or (ii) 30 days have lapsed since he submitted a request for release to the warden. United States v. Battle, No. 05 CR 377, 2020 WL 2306482, at *1 (S.D.N.Y. May 8, 2020) (citing Section 3582). Martinez has failed to demonstrate exhaustion under either prong, and the Court is not persuaded that these requirements can be waived. See United States v.

1

Williams, No. 00 CR 237, 2020 WL 4735353, at *2 (S.D.N.Y. Aug. 14, 2020).

Second, even if the exhaustion requirements were waived, Martinez has failed to establish that the circumstances of his case warrant relief. To grant a sentence reduction under Section 3582, the Court must find that "extraordinary and compelling reasons warrant such a reduction." Under Section 3582, courts are authorized "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release." United States v. Brooker, No. 19-3218-CR, 2020 WL 5739712, at *7 (2d Cir. Sept. 25, 2020).

Here, Martinez argues that he is at increased risk of serious illness if he contracts COVID-19 because of his mental health history -- including diagnoses for attention deficit hyperactivity disorder, mild conduct disorder, depression, and anxiety -- and his history of smoking. Martinez further argues that his family lives in the Bronx, which has been particularly hard hit by the pandemic and for this reason, coupled with his "rough" family circumstances, he is especially needed at home. Martinez asserts that he has served half of his sentence, his crimes were not violent or serious, and his criminal conduct was heavily influenced by his drug addiction. Martinez further contends that while incarcerated,

2

he has enrolled in programming to better himself and has learned from his previous mistakes.

On these facts, the Court does not find that "extraordinary and compelling" circumstances warranting relief have been established. For one thing, the mental health disorders Martinez has are not among the medical conditions that the Centers for Disease Control has identified as creating a heightened risk of serious illness. *Coronavirus Disease 2019 (COVID-19): People With Certain Medical Conditions*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Oct. 16, 2020). Further, while his history of smoking does put him at increased risk, id., this common condition alone is not enough to warrant compassionate release, see, Saxon v. United States, No. 12 CR 320, 2020 WL 4548078, at *3 (S.D.N.Y. Aug. 5, 2020) (denying compassionate release to a defendant with hypertension and a history of smoking); Decision and Order at 7-8, United States v. Lagan, No. 18 CR 283 (N.D.N.Y. May 11, 2020), ECF No. 91 (denying release to a nonviolent 62-year old defendant with obesity, a family history of heart disease and cancer, and a history of heavy smoking and drinking). And, at 27 years old, Martinez is

3

relatively young and presents no evidence to suggest he is not in otherwise good physical health.

Further, while the Court acknowledges the significant strain the pandemic has placed on many families, especially those in hard-hit areas like the Bronx, a generalized concern for his family's wellbeing does not warrant relief. E.g., United States v. Johnson, No. 09 CR 0272, 2020 WL 3791976, at *2 (D. Md. July 7, 2020) (finding that a defendant who completed over 80% of his sentence and cited concern for himself and his family in light of COVID-19 had not shown "extraordinary and compelling" circumstances). Indeed, because of the widespread risk of infection, the dangers posed by COVID-19, and the fraught economic circumstances that have resulted, concern for one's family is widely felt among people both in and out of prison. Unfortunately, in this climate, family concerns are no longer "extraordinary."

The Court is likewise unpersuaded that Martinez's efforts to rehabilitate himself through programming establish entitlement to relief. Congress has expressly instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). While the Court commends Martinez's purported rehabilitative efforts, these efforts do not, either alone or in combination with the other circumstances he cites, meet

the "extraordinary and compelling" standard. See, e.g., United States v. Saleh, No. 93 CR 181, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020) (recognizing a defendant's commendable institutional record but denying release).

Finally, having determined that Martinez has failed to establish "extraordinary and compelling" reasons warranting a sentence reduction, the Court need not consider the sentencing factors laid out in 18 U.S.C. § 3553(a). See Section 3582 (stating that the court shall consider the sentencing factors set forth in Section 3553(a) "if" it finds extraordinary and compelling circumstances). However, in light of Martinez's arguments that his crime was not violent or serious, a note on the sentencing factors is warranted.

Martinez was sentenced to 71 months' imprisonment on October 12, 2018 upon guilty plea to one count of distributing and possessing with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (See Dkt. No. 49.) At the same hearing, Martinez was sentenced to an additional 18 months' imprisonment, to run consecutively, upon violation of a previously imposed term of supervised release, which he had violated numerous times before.[1] (See Dkt. No. 50, Sentencing Tr. at 10:2-8, 33:9-12.)

---

[1] Four years earlier, on August 8, 2014, Martinez had been sentenced to time served and three years of supervised release upon

The Court does not adopt Martinez's view that his criminal conduct was "not horrible." (See Dkt. No. 52, at 2.) While the crime to which he pled guilty was nonviolent, it was nonetheless serious, and it was only the most recent in a pattern of repeated criminal behavior.

At sentencing, Martinez's counsel argued that Martinez's conduct was heavily influenced by his drug addiction, much as Martinez argues here. The Court, however, did not impose a lighter sentence on that basis then, and declines to do so now. Instead, in imposing sentence, the Court took into account that Martinez had previously been given "substantial leniency" when he was sentenced to time served in 2014, but within a short period of time, Martinez "reverted to criminal activities on a consistent basis of the same type and even more serious misconduct." (Dkt. No. 50, Sentencing Tr. at 36:4-11.)

Thus, in light of the nature and circumstances of the crime and his demonstrated disregard for the law, the Court finds that reducing Martinez's sentence to home confinement would not "reflect the seriousness of the offense" or "promote respect for the law." See 18 U.S.C. § 3553(a)(2)(A). Furthermore, it would not "afford adequate deterrence to

---

guilty plea to conspiracy to distribute and possession with intent to distribute cocaine base in violation of 21 U.S.C. 841 § (b)(1)(C). (No. 12 CR 31, Dkt. No. 872.)

6

criminal conduct" for Martinez, who has proven undeterred by his prior sentences. See id. § 3553(a)(2)(B).

Accordingly, it is hereby

**ORDERED** that defendant Anthony Martinez's motion for compassionate release (Dkt. No. 52) is **DENIED**. The Clerk of Court is directed to mail a copy of this Order to Anthony Martinez, Register Number 68205-054, USP Canaan, U.S. Penitentiary, Smart Communications, P.O. Box 30, Pinellas Park, FL 33781, and note service on the docket.

**SO ORDERED.**

Dated: New York, New York
       22 October  2020

_____
Victor Marrero
U.S.D.J.