```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
                                   :         17 CR 465(VM)
        -against-                  :      DECISION AND ORDER
                                   :
ANTHONY MARTINEZ,                  :
                                   :
                Defendant.         :
----------------------------------X
```

**VICTOR MARRERO, U.S.D.J.:**

By letter dated April 29, 2020, defendant Anthony Martinez ("Martinez") requested an order allowing him to serve the remainder of his sentence in home confinement for reasons related to the COVD-19 pandemic. (See Dkt. No 52.) The Court construed that letter as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and denied it on October 22, 2020 because Martinez had failed to satisfy the exhaustion requirements and did not meet the "extraordinary and compelling" standard warranting relief under the statute. (See "Order," Dkt. No. 53.)

By letter dated January 3, 2021 and received by the Court on February 10, 2021, Martinez again moves for compassionate release, this time citing Section 3582(c)(1)(A) explicitly. (See "Motion," Dkt. No. 57.) The Court now construes the Motion as a motion for reconsideration of the prior Order denying compassionate release and **DENIES** it for the reasons that follow.

1

Reconsideration of a previous order by the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States. Rutigliano, No. 11 CR 1091, 2016 WL 2727317, at *2 (S.D.N.Y. Apr. 26, 2016) (quoting In Re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). To succeed, a request for reconsideration must set forth concisely the matters or controlling law that the movant believes were "overlooked" by the Court. Local Crim. R. 49.1; see also United States v. Riley, No. 13 CR 339, 2014 WL 774630, at *1 (S.D.N.Y. Feb. 27, 2014) (explaining that the motion for reconsideration must point to "matters . . . that might reasonably be expected to alter the conclusion reached by the court" (internal quotation marks omitted)).

Martinez's Motion does not meet the standard for this extraordinary remedy. While the Motion does bring certain new matters to the Court's attention, it largely repeats arguments previously raised and rejected by the Court. For example, Martinez again contends that he is concerned for his safety because of the increased risk of infection prison inmates face and that he should be released to assist his family because they are experiencing increased hardship as a result of the pandemic. As before, the Court is mindful of

2

these concerns and commends Martinez for seeking to support his family. Nonetheless, these are not the individualized considerations that ordinarily constitute extraordinary and compelling circumstances justifying relief under Section 3582(c)(1)(A). See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); see also Order at 2-5.

Nor is the Court persuaded that the new arguments Martinez raises "might reasonably be expected to alter the conclusion reached by the court." Riley, 2014 WL 774630, at *1. First, the new medical conditions Martinez identifies, including nerve pain and gastrointestinal issues, are not among those considered to create a heightened risk of serious illness were Martinez to contract COVID-19. See *Coronavirus Disease 2019 (COVID-19): People With Certain Medical Conditions, Centers for Disease Control and Prevention*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 3, 2021).

Second, Martinez newly argues that the risk of sentencing disparities constitutes an extraordinary and compelling circumstance warranting release in his case. But this is more properly considered an argument for why the sentencing factors listed in 18 U.S.C. § 3553(a) support release. See 18 U.S.C. § 3553(a)(6) (in determining the particular sentence, the court shall consider "the need to avoid unwarranted sentence disparities"). And the Court need not address the sentencing factors when extraordinary and compelling circumstances warranting relief have not be established. See 18 U.S.C. § 3582(a) (explaining that the court shall consider the sentencing factors set forth in Section 3553(a) "if" it finds extraordinary and compelling circumstances). And, furthermore, the Court has already considered the sentencing factors and determined that they do not support compassionate release in light of the facts presented in Martinez's case. See Order at 5-7.

For these reasons, Martinez's Motion does not provide any matters or controlling law that would persuade the Court to alter its previous determination.

Accordingly, it is hereby

**ORDERED** that the motion so deemed as filed by Anthony Martinez for reconsideration (Dkt. No. 57) is **DENIED**. The Clerk of Court is directed to mail a copy of this Order to

4

Anthony Martinez, Register Number 68205-054, USP Canaan, U.S. Penitentiary, Smart Communications, P.O. Box 300, Waymart, PA 18472, and note service on the docket.

**SO ORDERED.**

Dated: New York, New York
       18 February  2021

_____
Victor Marrero
U.S.D.J.