USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/10/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------X
UNITED STATES OF AMERICA,  :
                           :
                           :        **17 CR 465(VM)**
         -against-         :        **DECISION AND ORDER**
                           :
ANTHONY MARTINEZ,          :
                           :
              Defendant.   :
------------------------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

By letter dated September 2, 2021, and received by the Court on November 9, 2021, defendant Anthony Martinez ("Martinez") moves for the third time for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (See "Motion," Dkt. No. 60.) Martinez first moved for compassionate release by letter dated April 29, 2020 (see Dkt. No. 52.), which the Court denied on the basis that Martinez had failed to satisfy the exhaustion requirements and did not meet the "extraordinary and compelling" standard warranting relief under the statute. (See "Order," Dkt. No. 53.) Martinez moved for a second time by letter dated January 3, 2021 (see Dkt. No. 57), which the Court construed as a motion for reconsideration of its prior Order. (See "Reconsideration Order," Dkt. No. 58.) The Court denied the motion on the basis that Martinez did not provide any matters or controlling law to alter the Court's previous determination. See id.

1

The Court construes Martinez's present Motion as another motion for reconsideration of the Order denying compassionate release and **DENIES** it for the following reasons.

Reconsideration of a previous order by the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States. Rutigliano, No. 11 CR 1091, 2016 WL 2727317, at *2 (S.D.N.Y. Apr. 26, 2016) (quoting In Re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). To succeed, a request for reconsideration must set forth concisely the matters or controlling law that the movant believes were "overlooked" by the Court. Local Crim. R. 49.1; see also United States v. Riley, No. 13 CR 339, 2014 WL 774630, at *1 (S.D.N.Y. Feb. 27, 2014) (explaining that the motion for reconsideration must point to "matters . . . that might reasonably be expected to alter the conclusion reached by the court" (internal quotation marks omitted)).

Martinez's Motion does not meet the standard for this extraordinary remedy. Martinez adds two pages to his previous motion for reconsideration, in which Martinez repeats a general request for medical and mental health attention and adds a new argument that President Biden is purportedly considering home confinement for defendants such as Martinez. See Motion at 17-18.

As before, the Court is mindful of Martinez's concerns, but again, these are not the individualized considerations that ordinarily constitute extraordinary and compelling circumstances justifying relief under Section 3582(c)(1)(A). See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular person cannot independently justify compassionate release."); see also Order at 2-5; Reconsideration Order at 3. Nor is the Court persuaded that the new argument Martinez raises "might reasonably be expected to alter the conclusion reached by the court." Riley, 2014 WL 774630, at *1. The purported existence of a federal program is neither controlling law nor an individualized circumstance justifying compassionate relief.

For these reasons, Martinez's Motion does not provide any matters or controlling law that would persuade the Court to alter its previous determination.

Accordingly, it is hereby

**ORDERED** that the motion so deemed as filed by Anthony Martinez for reconsideration (Dkt. No. 60) is **DENIED**. The Clerk of Court is directed to mail a copy of this Order to Anthony Martinez, Register Number 68205-054, USP Canaan, U.S. Penitentiary, Smart Communications, P.O. Box 300, Waymart, PA 18472, and note service on the docket.

**SO ORDERED.**

Dated: New York, New York
       10 November 2021

_____
Victor Marrero
U.S.D.J.